1
2
3
4
5
6
7

**FARAH LAW, P.C.**
Neda Farah (State Bar No. 269819)
265 S. Doheny Drive
Suite 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com
*Attorney for the Plaintiff*

8
9
10

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19

| | |
|---|---|
| JULIA HERNANDEZ, <br><br> Plaintiff, <br><br> v. <br><br> FINANCIAL CREDIT NETWORK, INC., <br><br> Defendant. | Case No.  2:21-cv-01711 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** <br><br> **2.  VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

20
21
22
23
24

### COMPLAINT

NOW COMES Plaintiff, JULIA HERNANDEZ ("Plaintiff"), by and through her attorneys, complaining as to the conduct of FINANCIAL CREDIT NETWORK, INC. ("Defendant") as follows:

25
26
27
28

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt

1

Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

### PARTIES

4.  Plaintiff is a disabled consumer over 18-years-of-age residing in Los Angeles County, California, which is located within the Central District of California.

5.  Defendant is a third-party debt collector servicing various industries, including medical, utilities, and government.[1]  Defendant is a corporation organized under the laws of the state of California with its principal place of business, and registered agent – Alicia Sundstrom – located at 1300 West Main Street, Visalia, California 93291. Defendant regularly collects upon consumers located within the State of California.

---

[1] https://fcnetwork.com/services

2

6.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.  Plaintiff recently obtained a copy of her credit report and noticed Defendant reporting a delinquent consumer debt ("subject debts") originally owed to *Blue Casa Communications*, as reflected below:

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| FINANCIAL CREDIT NETWORK | | $66 as of 01/14/2021 | 10/2016 | **Collection account. $66 past due as of Jan 2021.** |
| 1300 W MAIN ST VISALIA, CA 93291 559 733 7550 | **Type** Collection | **Credit limit or original amount** $66 | **Date of status** 10/2016 | |
| **Address identification number** 0173432390 | **Terms** 1 Months | **High balance** $0 | **First reported** 12/2016 | |
| **Original creditor** BLUE CASA COMMUNICATIONS | **On record until** Feb 2023 | **Monthly payment** $0 **Recent payment amount** $0 | **Responsibility** Individual | |

8.  Given the nominal nature of the subject debt, Plaintiff sought to address and ascertain additional information regarding the same, so in January 2021, Plaintiff accessed Defendant's website ("Defendant's portal").[2]

9.  Upon navigating through Defendant's Portal, Plaintiff was instructed to input her personal information, and was subsequently directed to her account, as seen below:

| Account# | Name | Client Account# | Owing | Received |
|---|---|---|---|---|
| | HERNANDEZ, JULIA | 649081 | 121.07 | 0.00 | 121.07 |

Showing 1 to 1 of 1 entries

---

[2] https://payfcn.fcnetwork.com/ecs/payfcn/cov/credentials

10.  Plaintiff was confused by Defendant's Portal, as it indicated that Defendant had received $121.07 with regard to the subject debt, leaving $0.00 due and owing.

11.  Yet, Plaintiff never owed *Blue Casa Communications* or Defendant $121.07, nor did she remit such an amount to Defendant, as the balance of the subject debt was only $66.07.

12.  Plaintiff was taken aback when she realized that Defendant was adding $55.00 of interest on the $66.07 subject debt, as seen below:

**Principal Assigned Amount**
66.07
**Interest Owing**
55.00
**Prin Collected**
0.00
**Total Balance**
121.07

13.  Plaintiff was unaware of any language in the underlying contract between herself and *Blue Casa Communications* that gave Defendant the ability to add such an exorbitant rate of interest on a nominal debt.

14.  The conflicting information on Defendant's Portal is further underscored by the fact that Defendant informs Plaintiff that $0.00 is "owing," as referenced in paragraph 9, *supra,* but yet, Defendant further informs Plaintiff of "Interest Owing" in the amount of $55.00 as referenced in paragraph 12, *supra.*

15. Plaintiff's ability to go about intelligently addressing the subject debt was materially impeded by Defendant's Portal.

16.   Plaintiff became worried that the amount of interest would ultimately exceed the principal balance of the subject debt, however, before addressing the balance, Plaintiff also realized that Defendant's Portal imposed a $4.50 convenience fee ("convenience fee"), as set forth below:

**Applicable Fees:**
There will be a $4.50 convenience fee for each payment paid through our portal except in states prohibited by law. This fee is in addition to your payment and will not be credited to your outstanding balance with Financial Credit Network.

17. Plaintiff was unaware as to any other means by which she could make payment on the subject debts and/or unable to use any other means, and Defendant's portal required Plaintiff to accept the convenience fee in order to remit payment.

18. Defendant gave the false impression that it could charge the convenience fee, when in fact, any such fee is impermissible pursuant to any underlying contract between Plaintiff and *Blue Casa Communications*, or as a matter of law.

19. The inclusion of an excessive convenience fee on Defendant's portal created a false, deceptive and misleading representation as to the actual amount owed.

20. After a reasonable time to conduct discovery, Plaintiff believes she can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

21. Defendant's conduct was misleading to Plaintiff, and is similarly misleading and confusing to the unsophisticated consumer, as it inappropriately asserts that Defendant is entitled to collect the impermissible convenience fee.

5

22. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the subject debts from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted financial harm.

23. Plaintiff has further suffered a violation of her state and federally protected interests as a result of Defendant's conduct.

24. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

25. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant is engaged in the business of regularly collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or

due to others, and debt collection is the primary purpose of its business.  Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1956.[3]

30. The subject debts are "debt[s]" as defined by FDCPA §1692a(5) as they arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.      Violations of the FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

33. Defendant violated §§ 1692e, e(2)(A), e(10) by deceptively attempting to collect the subject debts through its representation that Plaintiff would be charged a convenience fee.  Such a fee is not authorized by any agreement between Plaintiff and the original creditor, nor is it authorized as a matter of law or otherwise.  Therefore, Defendant's attempt to collect upon these fees without any further

---

[3] https://www.acainternational.org/search#memberdirectory

explanation of what that balance or rate represented, was a false and deceptive attempt to collect upon the subject debt.

34. Defendant was not entitled to collect the convenience fee from Plaintiff in connection with the subject debts, ultimately attempting to induce a greater payment from Plaintiff than it is otherwise entitled to collect.

35. Defendant knows that its representations to consumers concerning the fees being collected, and the consumer's rights under the FDCPA, cannot be false, deceptive and/or misleading.

36. Defendant's conduct is in further violation of §1692e, as given its blanket $4.50 convenience fee, as well as the fact that Defendant's portal fails to notate that the convenience fee is in connection with some form of a payment processing fee, it is clear that any payment submitted through Defendant's website would go directly to Defendant. Thus, the convenience fee was not a pass-through fee, but rather a convenience fee imposed by Defendant in an effort to collect an amount above and beyond what was expressly authorized by the underlying agreement between Plaintiff and the original creditor.

37. Defendant further violated §§ 1692e, e(2)(A), e(10) through the contradictory information set forth on its portal. For instance, Defendant informed Plaintiff that she owed $0.00 toward the subject debt, but yet, subsequently informed her that she owed $55.00 in interest, in addition to the principal balance. This conflicting information, coupled with the fact that Plaintiff never agreed to such an excessive

interest rate, shows that Defendant attempted to confuse and intimidate Plaintiff into making a payment.

### b.      Violations of the FDCPA § 1692f

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. Moreover, under §1692f(1), a debt collector is prohibited from collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

40. Defendant violated §§ 1692f and f(1) when it attempted to collect the convenience fee, despite the fact that said fee was not expressly authorized by the agreement creating the subject debt, nor authorized by law.

41. Defendant further violated §§ 1692f and f(1) when it unfairly set forth conflicting information on its portal regarding the amount Plaintiff actually owed. Furthermore, Defendant also unfairly added $55.00 of interest to a $66.07 subject debt, when such excessive interest was not expressly authorized by the agreement creating the subject debt, nor authorized by law.

42. As set forth herein, Plaintiff has been harmed and has suffered damage as a result of Defendant's unlawful collection practices.

WHEREFORE, Plaintiff, JULIA HERNANDEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

43.  Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44.  Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

45.  The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

46.  Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.10 -1788.17

47.  The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section

10

1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

48.   As outlined above, through its false, misleading and deceptive attempts to collect upon the subject debt, Defendant violated 1788.17; and §§1692e and f. Defendant purposefully confused Plaintiff through the contradictory information on its Portal.  Moreover, Defendant was not entitled to collect the convenience fee from Plaintiff in connection with the subject debt, ultimately attempting to induce a greater payment from Plaintiff than it is otherwise entitled to collect.

49.  Defendant willfully and knowingly violated the RFDCPA through its deceptive and misleading portal.  Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, JULIA HERNANDEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c.  Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d.  Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e.  Enjoining Defendant from further contacting Plaintiff; and

f.  Award any other relief as the Honorable Court deems just and proper.

Dated: February 24, 2021                Respectfully submitted,


By: /s/ Neda Farah
Neda Farah
265 S. Doheny Drive
Suite 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com
*Attorney for the Plaintiff*